RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE   1-25-08
BY   JPB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| NATIONAL HEALTHCARE OF LEESVILLE, INC. | : DOCKET NO. 07-1266 |
| VS. | : JUDGE TRIMBLE |
| HAROLD W. PEARSON, M.D. | : MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Default Judgment" (doc. #8) filed by Plaintiff, National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital ("Byrd Regional") wherein the mover seeks judgment in its favor and against, Harold W. Pearson M.D., pursuant Federal Rule of Civil Procedure 55.

### FACTUAL STATEMENT

On or about July 2, 2004, Dr. Harold Pearson contracted with Byrd Regional to engage in full-time practice for a period of thirty-six (36) months to commence on or about July 9, 2004. Byrd Regional agreed to pay Dr. Pearson a total amount of $650,000.00 as a "Guarantee Payment." Between August 2004 and July 2005, Byrd Regional actually paid Dr. Pearson $454,529.00 in Guarantee Payments, $15,000.00 in marketing expenses, $10,000.00 for a "Commencement Bonus" and $2,500.00 for continuing medical education expenses.

In August 2006, Dr. Pearson closed his practice and moved from Leesville. The contract provided that if Dr. Pearson breached the agreement by failing to maintain a full-time private practice of medicine in Leesville for the full 36-month term, he would, upon demand have to repay

the Hospital the unamortized amount of the Guarantee Payment,[1] Marketing Reimbursement,[2] Commencement Bonus,[3] and CME Reimbursement.[4]

Byrd Regional alleges that Dr. Pearson breached the contract by closing his practice approximately ten (10) months before the end of the term period. Byrd Regional made demand upon Dr. Pearson to return the appropriate portions of the above mentioned payments and/or reimbursements, however, Dr. Pearson has refused to honor the demand. Hence, Byrd Regional seeks a judgment against Dr. Pearson for the following prorated amounts:

| | |
|---|---|
| Commencement Bonus | $ 2,778.00 |
| Marketing Reimbursement | $ 4,166.67 |
| CME Reimbursement | $ 694.44 |
| Guarantee Payments | $189,387.23 |
| **TOTAL** | **$197,026.12** |

## LAW AND ANALYSIS

Byrd Regional seeks a default judgment pursuant to Federal Rule of Civil Procedure 55. Dr. Pearson was personally served by private process server on September 28, 2007. After failing to timely file an answer and an Application for Entry of Default was filed, the Clerk of Court entered a default against Dr. Pearson on October 31, 2007. Byrd Regional has submitted as evidence a copy

---

[1] Section D.6. of the Recruitment Agreement, attached as Exhibit A to Plaintiff's Exhibit, Affidavit of Roger LeDoux.

[2] Section C.3. of the Recruitment Agreement, attached as Exhibit A to Plaintiff's Exhibit, Affidavit of Roger LeDoux.

[3] Section C.6. of the Recruitment Agreement, attached as Exhibit A to Plaintiff's Exhibit, Affidavit of Roger LeDoux.

[4] Section C.5. of the Recruitment Agreement, attached as Exhibit A to Plaintiff's Exhibit, Affidavit of Roger LeDoux.

of the Recruitment Agreement, the affidavit of Robert C. LeDoux,[5] and relevant documentation of the amounts Byrd Regional paid Dr. Pearson as well as the amounts due to be reimbursed to Byrd Regional. Byrd Regional has fully complied with the mandates of Federal Rule of Civil Procedure 55 and is entitled to the damages stipulated in the Recruitment Agreement.

## CONCLUSION

Based on the foregoing, the motion for default judgment will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of January, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5]Chief Executive Officer for National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital.

3